

# In the Missouri Court of Appeals
# Eastern District
**DIVISION ONE**

ROYCE JONES, )   No. ED112394
 )
　　　　　Appellant, )
vs. )   Appeal from the Labor and
 )   Industrial Relations Commission
 )   Appeal No. 2263817
SIMPLOY, INC. )
 )
and )
 )
DIVISION OF EMPLOYMENT )
SECURITY, )
 )   Filed: September 24, 2024
　　　　　　　　　Respondents. )

　　　　Claimant, Royce Jones, appeals *pro se* from the decision of the Labor and Industrial

Relations Commission denying her application for unemployment compensation because the

Commission found Claimant was discharged for misconduct related to the attendance policies of

her employer, Simploy, Inc. Finding no error, we affirm the Commission's decision.

## Factual and Procedural Background

　　　　Claimant worked as a day shift manager for Employer. Her last day worked was June 15,

2023, and her discharge date was July 12, 2023.

　　　　Claimant was scheduled for surgery on June 21, 2023, and she and Employer knew that

she would be off work for some amount of time to recover. Claimant had also scheduled

vacation days for Friday, June 16 and Monday, June 19, 2023. Employer expected Claimant to

return to work from vacation on Tuesday, June 20. On June 15, Employer's human resources manager emailed Family and Medical Leave Act ("FMLA") leave request forms to Claimant, and asked that Claimant's doctor return the forms by fax directly to human resources. Claimant acknowledged that she received the FMLA forms from human resources. Claimant's manager asked Claimant to have the FMLA forms returned to Employer by Tuesday, June 20. At no point did Claimant contact human resources with any questions or concerns about the required FMLA paperwork.

Claimant did not report to work on June 20, and she and her manager disagreed over whether Claimant had informed Employer in advance that she would be absent June 20. After the manager contacted Claimant on June 20 for not reporting for work, Claimant texted the manager a doctor's note dated June 15, stating that Claimant "is under our care and may return to work 6-26-23." The manager informed Claimant that he considered her June 20 absence to be a "no-show" for failure to report to work or to notify him of her absence. The Commission found that Claimant showed her immediate supervisor a doctor's note stating Claimant could return to work on June 26.

Despite the doctor's note, Claimant did not report for work on Monday, June 26, 2023, nor did she reach out to Employer. The manager contacted Claimant on June 26, and that night Claimant texted him an updated doctor's note, which the Commission found was dated June 22. The note stated that Claimant's date to return to work was "undetermined." At this point, Claimant had not returned the completed FMLA paperwork to Employer. The manager informed Claimant that he considered her June 26 absence to be a "no-show" for failure to report to work or to notify him of her absence.

Employer reached out to Claimant again two weeks later, on July 10, 2023. As of that

2

date, Claimant had not returned to work, had not submitted her completed FMLA forms, and had not contacted Employer since June 26. Employer informed Claimant on July 10 that if she failed to submit the completed FMLA forms, "the FMLA protection for leave will be denied and your position will not be held for you." Claimant responded the next day, July 11, stating simply that her doctor had the FMLA paperwork. Employer asked when the completed FMLA paperwork would be provided, but Claimant did not respond. Employer reached out again later the same day with the same question, but Claimant did not respond.

Still having received neither the completed FMLA paperwork nor a response from Claimant, Employer notified her on July 12, 2023 that "[a]t this point the leave is not approved because the need for leave has not been documented, so these are not excused absences. Effective today, I am considering this job abandonment and terminating your employment."

Claimant sought unemployment compensation, which was denied by a deputy for the Division of Employment Security. Claimant appealed to the Division's Appeals Tribunal, which held an evidentiary hearing. Employer's human resources manager testified that Claimant was discharged for failing to complete FMLA paperwork. Because of this failure, Claimant was not approved for FMLA leave, and her absences from work were unexcused. Employer's attendance policy provided that an employee could be discharged for excessive absenteeism; a continuing pattern of absences, tardiness, or early departures; or failure to report to work without notice. Claimant acknowledged Employer's attendance policy during onboarding as a new employee, and Employer's policy was also available via the employee handbook. The Appeals Tribunal denied compensation.

The Commission affirmed the decision of the Appeals Tribunal, and adopted its decision denying compensation. The Commission found that "[C]laimant was discharged on July 12,

3

2023 for violation of the employer's attendance policy." The Commission found that Claimant did not return to work when expected on June 26, 2023, as specified in the note from her doctor; Claimant's absences violated Employer's no-call, no-show policy; Claimant was informed of Employer's attendance policy during onboarding as a new employee; and Claimant had failed to return her FMLA paperwork 26 days after receiving it from Employer. The Commission concluded that Claimant's actions amounted to misconduct pursuant to section 288.030.1(23)(c) [violation of an employer's attendance policy]. The Commission further concluded that Claimant's failure to communicate with Employer about her return date, or to return the FMLA paperwork constituted a knowing disregard of her duties and obligations to Employer [pursuant to section 288.030.1(23)(b)]. As a result, the Commission determined that Claimant's discharge on July 12, 2023 was based on misconduct connected with work. This appeal follows.

Standard of Review

On appeal, we review the entire record to determine whether the Commission's findings of fact are supported by competent and substantial evidence. *Sheumbauer v. City of St. Louis*, 633 S.W.3d 543, 545 (Mo. App. E.D. 2021). We will affirm the Commission's decision unless (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) the record lacks sufficient competent evidence to support the award. Section 288.210 RSMo. (2016);[1] *Sheumbauer*, 633 S.W.3d at 545. "Whether the Commission's findings support the conclusion that an employee was guilty of misconduct is a question of law that we review *de novo*." *Ausley v. CCL Label (St. Louis), Inc.*, 513 S.W.3d 390, 395 (Mo. App. E.D. 2017).

Discussion

---

[1] All statutory references are to RSMo. (2016).

4

As an initial matter, we observe that Claimant's brief fails to comply with the requirements of Rule 84.04.[2] Compliance with Rule 84.04 is mandatory, and failure to substantially comply with its requirements preserves nothing for review and is a proper ground for dismissing an appeal. *Bourne v. Div. of Employment Sec.*, 690 S.W.3d 924, 926 (Mo. App. E.D. 2024). Nevertheless, we prefer to decide an appeal on the merits when, as here, disposition is not hampered by rule violations and the arguments are readily understandable. *Murphree v. Lakeshore Estates., LLC*, 636 S.W.3d 622, 624 (Mo. App. E.D. 2021).

Particularly concerning is Claimant's citation to cases that do not stand for the propositions asserted by Claimant, such as *Freeman v. Gary Glass & Mirror*, 276 S.W.3d 388 (Mo. App. E.D. 2008), which has nothing to do with whether absences for medical reasons constitute misconduct, as Claimant asserts. Even more egregious are the citations to cases that do not exist, such as *Caldwell v. Div. of Employment Sec.*, 130 S.W.3d 420 (Mo. App. 2004). Giving Claimant the benefit of the doubt, we suspect such citations were generated by artificial intelligence rather than the result of a deliberate attempt to mislead the Court.

We strongly caution that "[c]iting nonexistent case law or misrepresenting the holdings of a case is making a false statement to a court[;] [i]t does not matter if [generative A.I.] told you so." *Kruse v. Karlen*, No. ED 111172, 2024 WL 559497, at *4 (Mo. App. E.D. Feb. 13, 2024) (quoting Maura R. Grossman, Paul W. Grimm, & Daniel G. Brown, *Is Disclosure and Certification of the Use of Generative AI Really Necessary?* 107 JUDICATURE 68, 75 (2023)). In

---

[2] The statement of facts section does not contain specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits. Rule 84.04(c). The appendix is not part of the record on appeal. The points relied on do not follow the format set forth in Rule 84.04(d)(2). The full point relied on is not restated at the beginning of the argument discussing that point, and the argument is not limited to those errors contained in that point. Rule 84.04(e). The argument also fails to state the applicable standard of review, and whether and how each claim of error was preserved for our review. Rule 84.04(e). Further, the factual assertions in the argument do not have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits. Rule 84.04(e). Claimant's appendix does not include the decision of the Commission, as required by Rule 84.04(h)(1), and was not filed as a separate document as required by Rule 84.04(h).

*Kruse v. Karlen*, the appellant's brief contained numerous citations to fabricated, non-existent cases. *Id*. at *3. This Court dismissed the appeal and ordered the appellant to pay $10,000 in damages to the opposing party for filing a frivolous appeal. *Id*. at *6.

We will not dismiss Claimant's appeal and sanction her as we did the appellant in *Kruse v. Karlen* because this is a straightforward unemployment compensation case between a *pro se* litigant and an agency of the State of Missouri, wherein the State did not have to pay outside counsel to respond to the appeal. However, litigants who use generative AI to draft their briefs should not rely on our continued magnanimity.

We now turn, *ex gratia*, to the merits of Claimant's appeal. In three points, Claimant challenges the Commission's denial of compensation. First, Claimant contends the Commission erred in finding that she failed to provide sufficient notice and documentation for FMLA leave, thereby justifying termination of her employment for job abandonment. Second, Claimant contends the Commission erred in finding that her absences were unexcused and constituted misconduct. Finally, Claimant contends the Commission erred in determining that Employer's failure to provide FMLA forms and guidance did not affect the validity of Claimant's discharge because Employer's failure constituted interference with her FMLA rights under federal law.

*Point I*

In her first point, Claimant contends:

The Commission erred in finding that [Claimant] failed to provide sufficient notice and documentation for FMLA leave, thereby justifying her termination for job abandonment, because [Claimant] provided timely medical documentation and notice of her serious health condition to her employer, but the employer failed to provide the necessary FMLA forms and guidance, in violation of 29 U.S.C. § 2612(a)(1)(D) and 29 C.F.R. § 825.301 ….

Claimant asserts that 29 C.F.R. § 825.305 requires an employer to allow an employee "at least 15 calendar days to provide the completed medical certification," but that she was allowed only

6

three days to complete Employer's FMLA forms. Neither Claimant's assertion regarding the federal regulation nor her assertion about the time Employer allowed to return the paperwork is true. She argues that despite her efforts to comply with FMLA requirements, Employer "failed to adhere to its obligations, resulting in her unjust termination."

An employer may require that an employee's leave due to a serious health condition be supported by a certification issued by the employee's health care provider. 29 C.F.R. § 825.305(a). "The employee must provide the requested certification to the employer *within 15 calendar days* after the employer's request, unless it is not practicable under the particular circumstances to do so *despite the employee's diligent, good faith efforts* or the employer provides more than 15 calendar days to return the requested certification." *Id*. (emphases added). "A certification that is not returned to the employer is not considered incomplete or insufficient, but constitutes a failure to provide certification." 29 C.F.R. § 825.305(c). If the employee fails to provide any certification, the employer may deny the taking of FMLA leave. 29 C.F.R. § 825.305(d). When leave is taken because of a serious health condition, an employer may require a medical certification from a health care provider that addresses eight enumerated categories of information. 29 C.F.R. § 825.306(a). The U.S. Department of Labor has developed forms that may be used in obtaining medical certifications that meet FMLA requirements. 29 C.F.R. § 825.306(b).

The record shows that on Thursday, June 15, Employer's human resources manager emailed FMLA leave request forms to Claimant, and asked that Claimant's doctor return the forms by fax directly to human resources. Claimant testified that she received the forms. While Claimant's manager asked her to have the FMLA forms returned by June 20, 2023, and Claimant is correct that this deadline is shorter than that provided in 29 C.F.R. § 825.305(a), the record

7

does not support Claimant's suggestion that she was discharged for failure to return her completed FMLA forms by that date.

Rather, the record contains substantial evidence that Employer provided the required FMLA forms to Claimant before her leave began, but Claimant never returned the completed forms to Employer. As of July 12, 2023, 26 days later, Claimant still had not provided the completed FMLA forms to Employer. Claimant did not contact human resources with any questions or concerns about the paperwork. The two general doctor's notes that Claimant sent to Employer do not substitute for a properly completed FMLA certification. When an employee fails to provide any certification, as here, the employer may deny the taking of FMLA leave. 29 C.F.R. § 825.305(d).

Claimant's argument that Employer failed to provide necessary FMLA forms and guidance is not supported by the record. Instead, the record shows that Claimant failed to provide the required FMLA forms containing a medical certification to Employer to have her absences approved as FMLA leave. A certification that is not returned to the employer constitutes a failure to provide certification. 29 C.F.R. § 825.305(c). As a result, the Commission did not err when it found that Claimant failed to provide sufficient notice and documentation for FMLA leave. We deny Claimant's first point.

*Point II*

In her second point, Claimant contends:

The Commission erred in concluding that [Claimant's] absences were unexcused and constituted misconduct, resulting in the denial of unemployment benefits, because properly documented and communicated absences due to a serious health condition do not constitute misconduct under Missouri Revised Statutes § 288.050 ….

Claimant maintains that her absences were properly documented and communicated, and

8

argues that "absences due to a serious health condition, when properly documented and communicated, do not constitute misconduct." Had Claimant returned the requested FMLA forms completed by her doctor, comprising the medical certification discussed above, then section 288.050 may have protected her.

However, a claimant is not eligible to receive unemployment compensation benefits if he or she was "discharged for misconduct connected with claimant's work." Section 288.050.2; *Ausley*, 513 S.W.3d at 394. "Misconduct" means conduct, or failure to act, in a manner that is connected with work, and "misconduct" includes a violation of an employer's no-call, no-show policy; chronic absenteeism or tardiness in violation of a known policy of the employer; or two or more unapproved absences following a written reprimand or warning relating to an unapproved absence, unless such absences are protected by law. Section 288.030.1(23)(c). As a result of the 2014 amendment to section 288.030.1(23), employers do not have a heavy burden to prove that an employee committed misconduct related to attendance. *Ausley*, 513 S.W.3d at 395.

The Commission found that Claimant failed to return to work when expected on June 26, 2023, the date specified in the first note Claimant provided from her doctor. The Commission found that Claimant's absences violated the Employer's no-call, no-show policy; that Claimant was informed of the Employer's policy during onboarding as a new employee; that Claimant was provided warnings related to her unapproved absences; that Claimant failed to return her FMLA paperwork 26 days after receiving it from Employer; and that Claimant's absences were not protected by any other section of the law. The Commission also found that "[C]laimant's failure to communicate with her employer about her return date, or to return the FMLA paperwork constitutes a knowing disregard of the employee's duties and obligations to the employer." As a

result, the Commission determined that Claimant's discharge on July 12, 2023 was based on misconduct connected with work.

The record amply supports the facts found by the Commission, and contains sufficient competent evidence to support the decision. The record reveals that Claimant provided Employer with a doctor's note stating Claimant could return to work on Monday, June 26. Claimant failed to report to work on June 26, and she did not alert Employer in advance of any change in circumstances. Only when Employer contacted Claimant after her failure to report on June 26 did Claimant provide a doctor's note, dated several days earlier, stating that her date to return to work was "undetermined." Over the next two weeks, Claimant neither communicated with Employer nor returned her completed FMLA forms. Claimant never contacted the human resources manager with questions or concerns. Employer contacted Claimant on July 10, informing her that if she failed to submit the completed FMLA forms, "the FMLA protection for leave will be denied and your position will not be held for you." Claimant responded the next day, July 11, stating simply that her doctor had the FMLA paperwork. Employer asked when the FMLA forms would be provided, but Claimant did not respond. Employer followed up later the same day, and again Claimant did not respond. Employer notified Claimant on July 12, 2023 that her employment was terminated effective on that date as Employer considered her absences a violation of its attendance policy.

The record contains sufficient competent evidence to support denial of compensation based on misconduct. First, Claimant violated Employer's attendance policy. Second, Claimant failed to communicate with Employer about her return date or to return the FMLA forms, thus demonstrating a knowing disregard of her duties and obligations to Employer. We deny Claimant's second point.

*Point III*

In her third point, Claimant contends:

The Commission erred in determining that the employer's failure to provide FMLA forms and guidance did not affect the validity of [Claimant's] termination and subsequent denial of unemployment benefits, because the employer's failure to provide the necessary FMLA forms and guidance constitutes interference with FMLA rights under 29 U.S.C. 2615(a)(1) and 29 C.F.R. 825.300(c), impacting the validity of the termination ….

Sufficient competent evidence in the record shows that Employer, despite Claimant's allegations to the contrary, did provide FMLA forms on June 15, 2023 along with guidance that Claimant's doctor could fax the completed forms directly to the human resources manager. Claimant acknowledged at the evidentiary hearing that she received the forms, and she never identifies what "necessary FMLA forms and guidance" Employer purportedly failed to provide. We have already determined that Claimant's argument that Employer failed to provide necessary FMLA forms and guidance is not supported by the record. Instead, the record shows that *Claimant* failed to provide the required medical certification forms to Employer. A certification that is not returned to the employer constitutes a failure to provide certification. 29 C.F.R. § 825.305(c). As a result, the Commission did not err when it found that Claimant failed to provide sufficient notice and documentation for FMLA leave. We deny Claimant's third point.

## Conclusion

We affirm the Commission's decision denying unemployment compensation based on Claimant's misconduct related to the attendance policies of her employer.

_____
Angela T. Quigless

James M. Dowd, P.J. and
Cristian M. Stevens, J., concur.

11